No. 8585.

## ANTRIM ET AL. *v.* GILSON ET AL.

REPLEVIN.—*Chattel Mortgage.*—*Parties.*—*Assignment for Benefit of Creditors.*— In replevin by a mortgagee of chattels against a trustee under an assignment by the mortgagor for the benefit of creditors, a creditor as such is not a proper defendant, and it is error to admit him as a defendant.

From the Grant Circuit Court.

*J. L. Custer*, for appellants.

*A. Steele* and *R. T. St. John*, for appellees.

NIBLACK, J.—As it was commenced, this was an action by Jacob Antrim and John W. Kindig against Oren E. Ransom and Jasper A. Gauntt, and was for the recovery of the possession of a stock of dry goods, notions, clothing, hosiery and other articles of merchandise, including fixtures said to be kept and detained in a certain building.

The complaint was in three paragraphs, and each paragraph alleged the facts upon which the plaintiffs' claim to the property was based, as well as the nature of the claim under which the defendants were in possession. The action was prosecuted upon the theory that the plaintiffs were entitled to the possession of the property under a chattel mortgage executed to them by Ransom to secure the payment of certain promissory notes upon which default had been made, and that the defendants were in possession, in right of the said Gauntt, under an alleged assignment afterwards made by Ransom to Gauntt for the benefit of his, the said Ransom's, creditors, which assignment, it was charged, was illegal, inoperative and void as against the plaintiffs.

The defendants demurred to the complaint, but their demurrer was overruled.

Elon W. Gilson thereupon moved to be admitted a party defendant to the action, and in support of his motion filed his petition duly verified by affidavit, representing that Rebecca

A. Ransom was a creditor of the said Oren E. Ransom in the sum of $4,707.32, evidenced by certain promissory notes; that the said Rebecca A. Ransom was then dead; that he, the said Gilson had been appointed administrator of her estate; that since his appointment as such administrator he had recovered judgment in one of the courts of competent jurisdiction in the State of Ohio against the said Oren E. Ransom for the amount due from him to the said Rebecca, that is to say, said sum of $4,707.32; that consequently, as administrator of the said Rebecca's estate, he had an interest in the questions involved in this action. Wherefore he prayed that he might be admitted as a defendant in the action and permitted to defend his said interest therein.

Whereupon the said Gilson was, over the objection and exception of the plaintiffs, admitted as a defendant in the action, and permitted to file a separate demurrer to the complaint, which demurrer was afterwards sustained by the court.

Issue being joined between the plaintiffs and the other defendants, the court trying the cause made a finding for the plaintiffs. Final judgment was then rendered against Ransom and Gauntt for a recovery of the property sued for, and in favor of Gilson upon his demurrer to the complaint.

The plaintiffs have appealed, and the first error assigned is upon the decision of the court admitting Gilson as a defendant.

This action constituted what was, in many respects, quite an anomalous proceeding in the court below. While the primary object evidently was to recover the possession of the personal property described in the complaint, there was, blended with it, a manifest purpose of having the assignment from Ransom to Gauntt at the same time set aside as fraudulent and void as against the plaintiffs.

In its essential characteristics, however, we think the action ought to be regarded as having had for its object only the recovery of the possession of the personal property, treating all the averments as to the supposed illegal and invalid qualities of the assignment as surplusage merely.

Section 22 of the code of 1852, 2 R. S. 1876, p. 43, which was in force when the proceedings below were had in this cause, provided that when a complete determination of a controversy could not be had without the presence of other parties, the court was required to have such other parties joined in the action, "And when, in an action for the recovery of real or personal property, a person not a party to the action, but having an interest in the subject thereof, makes application to the court to be made a party, it may order him to be made a party, by the proper amendment."

To entitle a person to be made a party to an action like this, upon his own application, under that section, it must be made to appear in some appropriate way, that he has an interest in the subject-matter in controversy, which may, or is likely to, be affected by the ultimate decision of the cause.

The petition of Gilson, the substance of which is given as above, did not, in our opinion, show such an interest in the matters in dispute, between the original parties, as entitled him to admission as a party defendant in this action. It did not assert any lien upon or right of possession in the property in litigation on the part of Gilson. It represented Gilson only to be, in his fiduciary capacity, a general creditor of Ransom, one of the original defendants, without any specific claim of any kind upon the property.

If the action had been solely for the purpose of setting aside the assignment from Ransom to Gauntt, Gilson would not have been a necessary, nor ordinarily a proper, party defendant. Gauntt, as the assignee, would have sufficiently represented the general creditors. Burrill Assignments, 3 ed., p. 676, section 504.

The court erred in admitting Gilson as a defendant in the action.

Although the names of Ransom and Gauntt are used as appellees in this appeal, no objection is made as to the judgment against them, and consequently no order will be made here concerning that judgment.

The judgment in favor of Gilson upon his demurrer is reversed, with costs, and the cause remanded, with instructions to overrule his application to be made a defendant in this cause.